UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCISCO CEDANO MOLINA,

    Petitioner,

v.

DISTRICT COURT OF NEW JERSEY, et al.,

    Respondents

Civil Action No. 16-2446 (JLL)

OPINION

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Francisco Cedano Molina, pursuant to 28 U.S.C. § 2241. (ECF No. 1). At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.

## I. BACKGROUND

Petitioner, Francisco Cedano Molina, is a native and citizen of the Dominican Republic who entered this country in 1981 and has remained here as a lawful permanent resident since that time. (ECF No. 1 at 7). On January 30, 2014, Petitioner was apparently convicted of possession of heroin in the Superior Court of New Jersey, Atlantic County. (*Id.* at 8). Following his release from jail for that charge, Petitioner was detained by immigration officials pending his removal beginning on November 18, 2015. (*Id.* at 7). Petitioner has remained detained since that date and

has not yet received a final order of removal as he continues to oppose his removal. (*Id.* at 7-16). As of the date of this opinion, Petitioner has been held for just over five months. (*Id.* at 7).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B. Analysis

In his petition, Petitioner essentially presents one claim: that he has been detained for longer than a reasonable period of time without a bond hearing under 8 U.S.C. § 1226(c) in violation of *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (2015). In *Diop*, the Third Circuit held that §1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231. Determining whether a given period of detention is reasonable under the circumstances is a fact-dependent inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. In the § 1226(c) context, reasonableness is "a function of whether [the period of detention] is necessary to fulfill the purpose of the statute." *Id.*

In *Demore v. Kim*, 538 U.S. 510, 530 (2003), the Supreme Court observed that detention under § 1226(c) "lasts roughly a month and a half in the vast majority of cases . . . and about five months in the minority of cases." In *Demore*, the Court held that where an alien is detained for six months, including a continuance requested by the alien, that alien's detention was not an unconstitutional restraint on the alien's liberty. *Id.* at 530-31. The Third Circuit has thus held that where detention exceeds the six month period found constitutional in *Demore*, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 234.

While *Diop* provided limited guidance on the exact period of time necessary for a given detainee's detention to become unreasonable, the Third Circuit has recently clarified its position

on that issue in *Chavez-Alvarez*, 783 F.3d at 478. In *Chavez-Alvarez*, the Third Circuit held that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberty outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id*. Thus, while the Third Circuit has not provided a bright line rule as to when a period of detention becomes unreasonable under any circumstances, *see id.* at 474 n. 7, it is clear that this does not occur until <u>after</u> an alien has been detained for more than six months without a bond hearing. *Id.* at 478.

Here, Petitioner was first detained on November 18, 2015, and has been held since that date. Thus, as of the date of this opinion, Petitioner has been held for just over five months. As such, Petitioner has not yet crested the six month period discussed in *Demore*, and his detention has therefore yet to reach a length of time which would bring its validity into question. *Chavez-Alvarez*, 783 F.3d at 478 (detention does not become questionable until sometime *after* the six months discussed in *Demore*). As Petitioner has not yet been held for six months, his current petition is premature, and must be denied without prejudice at this time.

### III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice to the filing of a subsequent petition in the event that the length of Petitioner's detention becomes unreasonable. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

4